735 So.2d 544 (1999)
James M. HANNA, Jr., Appellant,
v.
ENVIRONMENTAL PROTECTION COMMISSION, Appellee.
No. 98-03602.
District Court of Appeal of Florida, Second District.
May 26, 1999.
Randall O. Reder of Randall O. Reder, P.A., Tampa, for Appellant.
Vernon Wagner and Jonna Leigh Stack, Environmental Protection Commission, Tampa, for Appellee.
Susan Churuti, County Attorney, and James L. Bennett, Chief Assistant County Attorney, Clearwater, for Amicus Curiae Pinellas County.
PER CURIAM.
We affirm the order dismissing James M. Hanna's complaint alleging inverse condemnation against the Environmental Protection *545 Commission (EPC) on the ground that the matter is not ripe for judicial resolution. The complaint contains few allegations, and Mr. Hanna did not request an opportunity to amend this pleading.
In 1994, Mr. Hanna purchased a parcel of unimproved property in Tampa on Ehrlich Road. He obtained a building permit, apparently to fill a culvert in order to construct a driveway. When he began clearing his land, EPC advised him that his actions might be in violation of regulations applicable to wetlands. He theorizes that a letter mailed to him on October 6, 1997, constitutes a "development order," as that term is defined in section 70.51, Florida Statutes (1997). This letter is a field report concerning wetlands' delineation and was prepared by an environmental scientist employed by EPC. Mr. Hanna argues that this letter, construed to be a "development order," entitles him to invoke the dispute resolution mechanism contained in section 70.51. Because EPC did not respond to his request to appoint a special master within 165 days to resolve this dispute, he claims that EPC has taken his property and he is entitled to compensation for inverse condemnation.
Although the definition of "development order" in section 70.51(2)(a) is broad, we are unconvinced that the letter containing the scientist's field report is such an order or that Mr. Hanna has exhausted administrative appeals as required by section 70.51(10)(a). Section 70.51(24) explains that this new dispute resolution mechanism does not create a judicial cause of action, and we are unconvinced that this pleading alleges a taking that would entitle Mr. Hanna to damages for inverse condemnation at this time.
Affirmed.
ALTENBERND, A.C.J., and GREEN, J., and DANAHY, PAUL W., (SENIOR) JUDGE, Concur.